REQUESTED BY: Senator Stan Schellpeper, Chairperson, General Affairs Committee
You have asked whether a provision in LB 482 would withstand constitutional scrutiny. Specifically, you request our opinion on the constitutionality of the following language contained in Sections 4 and 16 of the bill:
 Nothing in the act shall be construed or interpreted to limit the powers of local governing bodies to (1) suspend, cancel and revoke retail licenses, bottle club licenses, and craft brewery licenses. . . .
. . . .
 The governing body of any city or village with respect to licenses within its corporate limits and the governing body of any county with respect to licenses not within the corporate limits of any city or village but within the county shall have the following powers, functions, and duties with respect to retail, bottle club, and craft brewery licenses:
. . . .
 (2) To suspend, cancel or revoke, after receiving a citizen's complaint pursuant to Section 53-134.04 or on its own motion, any license if it determines that the licensee has violated any provision of the Nebraska Liquor Control act, any rule or regulation adopted and promulgated pursuant to the Act, or any ordinance, resolution, rule, or regulation relating to alcoholic liquor. Any administrative proceeding instituted by a local governing body to suspend, cancel, or revoke a license shall be a contested case conducted in accordance with the provisions of the Administrative Procedure Act. Such order of suspension, cancellation or revocation shall be subject to review as provided in Section 53-1,116. . . .
As you note in your letter, the Nebraska Supreme Court has ruled that state laws which provided local governing bodies with authority to approve or deny retail liquor licenses were unconstitutional because they delegated authority to the local governing bodies without sufficient, definite, and adequate standards to guide those affected by them. In Bosselman, Inc. v.State, 230 Neb. 471 (1988), the Nebraska Supreme Court found that LB 911, passed in 1986, unconstitutionally delegated the state's legislative power regarding approval or denial of liquor licenses, because the standards by which such powers were to be administered by local governing bodies had not been clearly and definitely stated in the legislature's authorizing act and instead rested on indefinite, obscure, or vague generalities.Id. at 476. In 1989, the Nebraska Legislature attempted to address the deficiencies of LB 911 by enacting LB 781 to provide local governing bodies with the authority to grant or deny liquor licenses based on more explicit criteria. In 1992, the legislature took the additional precautionary measure of placing a proposed constitutional amendment on the November 1992 general election ballot to provide a constitutional basis for the authority of local governing bodies to approve or deny retail liquor licenses. The proposed amendment to the Nebraska Constitution was adopted, and became Art. XV, § 19, of the Constitution:
 Notwithstanding any other provision of this Constitution, the governing bodies of municipalities and counties are empowered to approve, deny, suspend, cancel, or revoke retail and bottle club liquor licenses within their jurisdictions as authorized by the legislature.
On February 16, 1993, the provisions of LB 781 were reenacted through LB 183 to bolster the legislature's position that the provisions of LB 781 and LB 183 did not lack a constitutional basis. On April 9, 1993, the Nebraska Supreme Court addressed the issue of the constitutionality of LB 781 in the case of KwikShop, Inc. v. City of Lincoln, 243 Neb. 178 (1993). The Plaintiff, Kwik Shop, had challenged the constitutionality of LB 781 under both the Nebraska Constitution and Federal Constitution. The Nebraska Supreme Court found that the 20 standards established by LB 781 (codified at § 53-134(2)(a) through (t)) did not provide local governing bodies with adequate, sufficient, and definite standards within which to exercise their discretion, and did not provide potential applicants with a reasonable opportunity to know what was required to obtain a license. The Court found that the provisions of LB 781 incorporated in § 53-134 were, therefore, unconstitutionally vague and did not meet the requirements of procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution. The Court also found that the provisions of LB 781 contained in § 53-134 were an unconstitutional delegation of power from a legislative authority to an administrative or executive authority, in violation of Art.II, § 1, of the Nebraska Constitution, because those provisions did not provide sufficient guidance to meet the requirements of a constitutional delegation of legislative power.
On April 29, 1993, this office issued its opinion #93034, concluding that LB 183 would be void for the same reasons that the Nebraska Supreme Court had found LB 781 and LB 911 to be void. In Marting v. Nebraska Liquor Control Commission,250 Neb. 134 (1996), the Court found that despite the legislature's enactment of LB 183 after the adoption of Art. XV, § 19, of the Nebraska Constitution, the 1984 liquor statutes continued to control issues of liquor licensing.
Nebraska's liquor statutes have recognized the authority of local governing bodies to revoke retail liquor licenses "for cause" since the initial adoption of the Liquor Control Act in 1935. The power of local governing bodies to cancel retail licenses was added in 1983. See Neb. Rev. Stat. § 53-134
(1984). This same statute recognized the power of local governing bodies to cancel or revoke liquor licenses if a licensee was found to have violated "any valid and subsisting ordinance or regulation duly enacted relating to alcoholic liquors." The constitutionality of those delegations of power to the local governing bodies would be subject to the same standard of review as were the licensing powers delegated through LB 911, LB 781, and LB 183. A delegation of power to local governing bodies should withstand constitutional scrutiny as long as the delegation is not vague; includes adequate standards to guide the discretion of the local governing bodies; and provides adequate notice to the licensees regarding what actions may cause a suspension, cancellation, or revocation of a license. The proposed language in LB 482 now before the General Affairs Committee would authorize local governing bodies to suspend, cancel, or revoke a license if it is determined in accordance with the provisions of the Administrative Procedure Act that the licensee "has violated any provision of the Nebraska Liquor Control Act, any rule or regulation adopted and promulgated pursuant to the act, or any ordinance, or resolution, rule, or regulation relating to alcoholic liquor."
Liquor licensees have notice of the Nebraska Liquor Control Act, and of the rules and regulations adopted and promulgated by the Nebraska Liquor Control Commission pursuant to the Act. A delegation of authority by the Nebraska Legislature to local governing bodies authorizing them to take action against liquor licensees who violate such statutes or such rules or regulations of the Liquor Commission should not be held unconstitutional on the basis of inadequate notice, vagueness, or inadequate standards to guide discretion. It is more questionable, however, whether the legislature can authorize local governing bodies to suspend, cancel, or revoke liquor licenses based upon a licensee's violation of a local ordinance or a "resolution" or "rule or regulation" not promulgated by the Nebraska Liquor Control Commission pursuant to the Nebraska Liquor Control Act. There are no post-Bosselman Supreme Court cases addressing the power of local governing bodies to revoke or cancel liquor licenses. Even if the licensees were given adequate notice of the ordinances, resolutions, or rules and regulations of the local governing bodies, the proposed delegation of authority might be susceptible to challenge as vague, or lacking clear and definite standards for the exercise of authority by the local governing bodies.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General